UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BOLDEN,

        Plaintiff,

v.

D.K. SISTO et al,

        Defendant.

Case Number: CV07-00432 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Bolden
CSP - Solano
Prisoner Id K-68224
P.O. Box 4000 (22-N-3up)
Vacaville, CA 95696

Dated: July 17, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BOLDEN,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.
                                            /

Case Number: CV07-00432 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Bolden
CSP - Solano
Prisoner Id K-68224
P.O. Box 4000 (22-N-3up)
Vacaville, CA 95696

Dated: July 17, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| CHARLES BOLDEN, | ) C 07-0432 MJJ (PR) |
|---|---|
| Petitioner, | ) **ORDER OF DISMISSAL WITH** |
| | ) **LEAVE TO AMEND** |
| vs. | ) |
| D.K. SISTO, | ) (Docket No. 2) |
| Respondent. | ) |

16  Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28
17 U.S.C. § 2254. He since filed an amended petition, which supersedes the original petition.
18 See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He has also applied
19 for leave to proceed in forma pauperis.

**BACKGROUND**

21  In 1997, petitioner was sentenced to 15 years in state prison after he plead guilty in
22 Alameda County Superior Court to a charge of second degree murder. He challenged this
23 conviction unsuccessfully in habeas petitions filed in all three levels of the California courts.

**DISCUSSION**

25 A.  Standard of Review

26  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
27 custody pursuant to the judgment of a State court only on the ground that he is in custody in

N:\MJJ\Week of 7.16.07\bolden.lta.wpd

1 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);
2 Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an
3 order directing the respondent to show cause why the writ should not be granted, unless it
4 appears from the application that the applicant or person detained is not entitled thereto." 28
5 U.S.C. § 2243.

6 B.    Legal Claims

7 Petitioner does not set forth any claims in his amended petition, but instead refers to his original petition.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Moreover, defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored).  In light of this authority, and as the amended petition supersedes the original petition, petitioner may not incorporate any matters from his original petition by reference.  As the amended petition does not set forth any claims, this matter cannot proceed based on the amended petition.  Petitioner will be granted leave to file a second amended petition, **in which he must set forth all of the claims and allegations he wishes to raise in this court; he may not incorporate any matters from his prior petitions by reference.**

**CONCLUSION**

In light of the foregoing, the above-titled petition for a writ of habeas corpus is hereby DISMISSED WITH LEAVE TO AMEND.  Within **30 days** of the date this order is filed, petitioner may file a second amended petition that corrects the deficiencies noted above.  The second amended petition must be on this Court's form for habeas petitions, it must include the caption and civil case number used in this order, No. C 07-0432 MJJ (PR), as well as the words SECOND AMENDED PETITION on the first page, **and petitioner may not incorporate material from the previous petitions by reference**.

N:\MJJ\Week of 7.16.07\bolden.lta.wpd         2

1 | **<u>Failure to file a second amended petition in conformity with this order shall</u>**
2 | **<u>result in the dismissal of this action without prejudice.</u>**
3 | The application to proceed in forma pauperis is GRANTED in light of petitioner's
4 | lack of funds.
5 | The Clerk shall close the file and terminate Docket No. 2.
6 | IT IS SO ORDERED.
7 | DATED:   7/11/2007

_____
MARTIN J. JENKINS
United States District Judge