FILED
APR 0 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BOLDEN,<br><br>    Petitioner,<br><br>vs.<br><br>D.K. SISTO,<br><br>    Respondent. | C 07-0432 MJJ (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He since filed a second amended petition, which supersedes the prior petitions. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He has also applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 1997, petitioner was sentenced to 15 years in state prison after he plead guilty in Alameda County Superior Court to a charge of second degree murder. He challenged this conviction unsuccessfully in habeas petitions filed in all three levels of the California courts.

**DISCUSSION**

A.    <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

G:\PRO-SE\MJJ\HC.07\bolden.osc.wpd

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Legal Claims

Petitioner presents the following claims for relief: (1) the trial court's denial of his motion to substitute counsel with new, retained counsel, violated his rights to due process, equal protection and to the effective assistance of counsel; (2) the trial court's findings with respect to sentence enhancements violated petitioner's constitutional right to a jury; and (3) the sentence by the trial court violated petitioner's rights under the Double Jeopardy Clause of the Constitution. Liberally construed, these claims are cognizable.

## CONCLUSION

For the foregoing reasons,

1.   The Clerk of the Court shall serve by certified mail a copy of this order and the Second Amended Petition, and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.   Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims described above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3.   Respondent may, within 90 days of the date this order is filed, file a motion to

dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.  It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: 4/1/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BOLDEN,

    Plaintiff,

v.

D.K. SISTO et al,

    Defendant.
_____/

Case Number: CV07-00432 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Bolden
CSP - Solano
Prisoner Id K-68224
P.O. Box 4000 (22-N-3up)
Vacaville, CA 95696

Dated: April 3, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk