CHARLES BOLDEN K68224
Box 4000- 22-N-3L
Vacaville, CA 95696-4000
Petitioner In Pro Se

FILED
08 APR 14 PM 1:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES BOLDEN,

Petitioner,

vs.

D.K. SISTO,

Respondent.

NO. C07-432 ~~MJJ~~ RMW (PP)

MOTION FOR APPOINTMENT OF COUNSEL FOR FEDERAL HABEAS CORPUS PROCEEDING.

TO THE HONORABLE JUDGES OF THE ABOVE ENTITLED COURT:

Petitioner hereby moves this court for an order appointing counsel pursuant to 28 U.S.C. §1915 and 18 U.S.C. 3006A. Petitioner is without funds to hire counsel and without funds to pay costs or for investigators.

Petitioner hereby declares that his assets are $ 0 and his income, if any, is $ 0 , per month. Petitioner is currently incarcerated at California State Prison Solano, at Vacaville, California.

Petitioner also requests counsel so that his interests

may be protected and afforded due process of law by the professional assistance due to the complexity of the issues involved. Petitioner avers he has set forth a **prima facie** case for relief. Petitioner is a layman of the law.

Petitioner requests counsel in order that counsel may prepare for an evidentiary hearing and/or requests for discovery.

Petitioner declares under penalty of perjury that the foregoing is true and correct. Executed this 10TH day of APRIL, 2008 at California State Prison Solano, at Vacaville, California.

Charles Bolden K68224
PETITIONER IN PRO SE

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL IN FEDERAL HABEAS CORPUS PROCEEDING.**

Although ordinarily a habeas petitioner has no absolute right to counsel in a federal habeas proceeding, counsel **must** be appointed if (a) an evidentiary hearing is necessary (Rules Governing Habeas Petitions Number 8, subdivision (c),); (b) if counsel is necessary for the effective use of discovery procedures (Rules Governing Habeas Petitions number 6, subdivisions (a) or (c)); or (c) if required in order to afford due process under the circumstances of the case. Eskridge v. Rhay (9th Cir. 1965) 345 F.2d 778, 782. Due process may, for example, require the appointment of counsel when the issues are very complex. Dillon v. United States (9th Cir. 1962) 307 F.2d 445.

Federal judges and magistrates have the discretionary power to appoint counsel to represent indigent habeas corpus petitioners. 28 U.S.C. 1915, subdivision (d), 28 U.S.C. 2254, subdivision (h), and 28 U.S.C. 3006A. The district court may appoint counsel in a habeas corpus case to represent an indigent if it finds "that the interests of justice so require." 18 U.S.C. 3006A. In deciding whether to appoint counsel the district court will evaluate the likelihood of success on the merits as well as the petitioner's ability to articulate his or her claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look (9th Cir. 1983) 718 F.2d 952; Bashor v. Risley (9th Cir. 1984) 730 F.2d 1228, 1234; Fendler v. Goldsmith (9th Cir. 1983)

728 F.2d 1181, 1190.

A habeas petitioner's inability to investigate crucial facts (Richardson v. Miller (W.D.Mo. 1989) 721 F.Supp. 1087), or the case is likely to require the assistance of experts either in framing or trying the claims (Paradis v. Arave (D. Idaho 1987) 667 F.Supp. 1361, 1364-1365.)

Counsel may be required for preparing for an evidentiary hearing and or discovery. See Swazo v. Warden (10th Cir. 1994) 23 F.3d 332, 333; Porcaro v. United States (1st Cir. 1987) 832 F.2d 208, 210-211.

For the foregoing reasons petitioner should be appointed counsel.

Charles Bolden K68224
P.O. Box 4000 22-N-3L
Vacaville, Calif. 95696

SACRAMENTO CA 957
11 APR 2008 PM 7 T

California State Prison - Solano

Office of The Clerk, U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, Calif. 94102

94102+3661