EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5964
  Fax: (415) 703-1234
  Email: gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **CHARLES BOLDEN,**<br><br>                                  Petitioner,<br><br>          **v.**<br><br>**D.K. SISTO, Warden,**<br><br>                                  Respondent. | C 07-0432 RMW (PR)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

California state prisoner Charles E. Bolden ("petitioner") has filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241 & 2254(d). Respondent hereby moves this Court for an order dismissing the petition on the ground that it is untimely. *See* 28 U.S.C. § 2444(d)(1). A motion to dismiss in lieu of a an answer on the merits is appropriate where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and Advisory Committee Notes. Respondent has not noticed this motion for hearing as petitioner is in custody and not represented by counsel.

1

## **PROCEDURAL HISTORY**

2         On July 22, 1997, in Alameda County Superior Court, petitioner pleaded no contest to

3   attempted murder with an enhancement for personal use of a firearm.  Motion to Dismiss Exhs. A-B;

4   *see* Cal. Penal Code §§ 187-189, 664, 12022.5; Petition Exh. A at 2-4.  On August 19, 1997,

5   petitioner was sentenced to fifteen years in prison.  Petition Exh. A at 4; Motion to Dismiss Exh. B.

6         Petitioner did not directly appeal from his conviction.  The time for doing so expired sixty

7   days after sentencing, on October 18, 1997.  *See* Cal. R. Ct. 8.308(a).

8         On December 11, 2001, petitioner filed a petition for writ of habeas corpus in Alameda

9   County Superior Court.  Motion to Dismiss Exh. C.  That court denied the petition on December 12,

10   2001.  *Id.*

11         On February 22, 2002, petitioner filed a petition for writ of habeas corpus in the California

12   Court of Appeal.  Motion to Dismiss Exh. D.  That court denied the petition on February 25, 2002.

13   *Id.*

14         On November 30, 2004, petitioner filed a second petition for writ of habeas corpus in the

15   California Court of Appeal.  Motion to Dismiss Exh. E.  That court denied the petition as untimely

16   on December 2, 2004.  *Id.*

17         On April 15, 2005, petitioner filed a petition for writ of habeas corpus in the California

18   Supreme Court.  Motion to Dismiss Exh. F.  That court denied the petition as untimely on March

19   29, 2006.  *Id.*

20         On January 23, 2007, petitioner filed the instant petition.

21

## **ARGUMENT**

22         The petition was filed beyond the one-year statute of limitations.  It must be dismissed.

23         Petitioner's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective

24   Death Penalty Act of 1996, which imposes a one-year statute of limitations on the filing of federal

25   habeas petitions. 28 U.S.C. § 2244(d)(1). Here, the limitations period commenced against petitioner

26   on October 18, 1997, sixty days after he was sentenced, when the time for filing a notice of appeal

27   expired.  *See* Cal. R. Ct. 8.308(a); Petition Exh. A; Motion to Dismiss Exh. B.  The limitations

28   period expired a year later, on October 18, 1998.  *See* 28 U.S.C. § 2244(d)(1).  As petitioner filed

the instant petition in 2007, it is untimely by several years.

Although petitioner commenced collateral review in state court in 2001 by filing a petition for writ of habeas corpus in Alameda County Superior Court, that filing did not toll the statute of limitations, as that period had already expired. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner's second California Court of Appeal petition, and his California Supreme Court petition could not have tolled the statute of limitations for the additional reason that they were denied as untimely and therefore not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005), *amended* 439 F.3d 993 (9th Cir.), *cert. denied*, 127 S. Ct. 132 (2006); Motion to Dismiss Exhs. E (citing *In re Clark*, 5 Cal. 4th 750, 774 (1993)), F (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998)).

Petitioner may rejoin that one of his claims relies upon a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2244(d)(1)(C), and thus that the limitations period did not commence against him until much later than 1997.[1] Specifically, petitioner claims he improperly received the upper term on his sentence enhancement, and cites *Cunningham v. California*, 549 U.S. 270 (2007), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petition at 6(B)-(D).

Petitioner cannot invoke § 2244(d)(1)(C). Petitioner *agreed* to the specific sentence, including its breakdown, that he received, pursuant to a plea bargain whereby he received a reduction in sentence and the dismissal of several charges. Petition Exh. A at 2-4, 6; *see* Motion to Dismiss Exh. A. A negotiated disposition, particularly one involving an agreed-upon sentence, does not implicate the restrictions on the imposition of upper terms addressed in *Cunningham v. California*, 549 U.S. 270, *Blakely v. Washington*, 542 U.S. 296, or *Apprendi v. New Jersey*, 530 U.S. 466. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005); *Moore v. Hubbard*, 2008 U.S. Dist. LEXIS 34889 at **1-2 (C.D. Cal. 2008).

Section 2244(d)(1)(C) is also inapplicable on its face. The Supreme Court has not made

---

1. Even if applicable, such a contention would not excuse the untimeliness of petitioner's other two claims, as those claims do not purport to rely on new rights or facts. *See* Petition at 6.

1  *Cunningham* retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).

2  Although the Ninth Circuit in *Butler v. Curry*, __ F.3d __, 2008 U.S. App. LEXIS 12324 (9th Cir.

3  June 9, 2008), recently applied *Cunningham* retroactively, it did so only as far as the 2004 issuance

4  of *Blakely v. Washington*, 542 U.S. 296.  It did not, in other words, find *Cunningham* retroactive

5  beyond 2004.  As indicated, petitioner's judgment became final in 1997.

6       Petitioner similarly cannot rely on *Blakely v. Washington*, 542 U.S. 296, or *Apprendi v.*

7  *New Jersey*, 530 U.S. 466, for a delayed commencement of the limitations period.  Those cases do

8  not apply retroactively to cases that became final before their 2004 and 2000, respectively, issuance.

9  *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (holding that *Blakely v. Washington*, 542 U.S.

10  296, does not apply retroactively to cases on collateral review); *Cooper-Smith v. Palmateer*, 397

11  F.3d 1236, 1246 (9th Cir. 2005) (holding that *Apprendi v. New Jersey*, 530 U.S. 466 does not apply

12  retroactively to cases on collateral review); *see also United States v. Cruz*, 423 F.3d 1119, 1121 (9th

13  Cir. 2005) (holding that *United States v. Booker*, 543 U.S. 220 (2005), does not apply retroactively

14  to cases on collateral review).

15       In summary, petitioner filed the instant petition more than eight years after the expiration

16  of the statute of limitations.  The petition accordingly must be dismissed with prejudice as untimely.

17  *See* 28 U.S.C. § 2244(d)(1).

18  **CONCLUSION**

19       Accordingly, for the reasons stated, respondent respectfully requests that the petition for

20  writ of habeas corpus be dismissed with prejudice as untimely.

21

22

23

24

25

26

27

28

1       Dated:  June 17, 2008

2                         Respectfully submitted,

3                         EDMUND G. BROWN JR.
Attorney General of the State of California

4                         DANE R. GILLETTE
Chief Assistant Attorney General

5

6                         GERALD A. ENGLER
Senior Assistant Attorney General

7                         PEGGY S. RUFFRA
Supervising Deputy Attorney General

8

9                         /s/ Gregory A. Ott
GREGORY A. OTT

10                        Deputy Attorney General

11                        Attorneys for Respondent

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ı 102~1002 5M 7/67

**DEPT.** 804

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

Date:  July 22, 1997  Hon.    John A. Burke     , Judge         Fran Hyatt    , Deputy Clerk
                              Phil Lewis     , Deputy Sheriff   Teresa Yazolino-Badie  Reporter

THE PEOPLE OF THE STATE OF CALIFORNIA

                                        Counsel appearing
                          Plaintiff     for Plaintiff     Angela Backers

        vs.
                                        Counsel appearing
Charles Edward Bolden                   for Defendant     Robert Byers

                          Defendant_____

NATURE OF PROCEEDINGS:    Jury Trial                    ACTION No. 129498

    The defendant is present. The defendant now requests and is permitted to withdraw his  previous

plea of not guilty. Upon re-arraignment, defendant pleads  nolo to Ct. 1, att. 187 PC, Court finds
guilty. Pleads nolo to use clause as to Count 1, Court finds true.  On motion of DA,
Counts 2, 3, & 4 are dismissed and all other clauses are stricken.


    At the request of the defendant, the cause is referred to the Probation Officer for investigation and the

cause is ordered continued to ...August 19, 1997 at 9:00 A.M. in #4 HMC for report and sentence.

Defendant is remanded forthwith and bail is set at no bail.

# EXHIBIT B

(5/96)                                                                                          ab
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. HMC #4

Date: **August 19, 1997**     Hon. JOHN BURKE, Judge          Martha Rosales, Dep.Clk.
                              Sitting as a Superior Court Judge     Teresa Yazolino-Badie, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Angela Backers, Deputy District Attorney |
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Robert Byers, Esquire |
| **CHARLES EDWIN BOLDEN** | | |
| | Probation Officer | ---- |
| Defendant | appearing | Deputy |

NATURE OF PROCEEDINGS:  **REPORT AND SENTENCE**          No. **129498**
                                                        **(AHK 218/6178799)**

Defendant is present.   Defendant's motion for probation is denied.

The defendant having been convicted on July 22, 1997 by plea of **NOLO CONTENDERE** to the offense(s) of felony, to wit:  Attempted Murder in the Second Degree, a violation of Section 187 of the Penal Code of California, as charged in the 1st count of the Amended Information.  Defendant entered a plea of NOLO CONTENDERE to having personally used a firearm, to wit; a handgun in the commission of the offense charged in the 1st count.  On motion of the District Attorney and in the furtherance of justice, the Court ordered the 2nd, 3rd and 4th counts dismissed and the premeditated and great bodily injury clauses in the 1st count and the prior conviction stricken.

The defendant waives formal arraignment for sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him.  The Court pronounces judgment.

Defendant has been held in custody for **341** actual days plus **51** days good/worktime credit for a total of **392** days as a result of the same criminal act or acts for which **he** has been convicted.

IT IS ORDERED that said defendant be punished by imprisonment in State Prison of the State of California for the **LOWER** term of **FIVE (5) YEARS; PLUS TEN (10) YEARS ON THE USE CLAUSE FOR A TOTAL TERM OF: FIFTEEN (15) YEARS.**

IT IS FURTHER ORDERED that sentences shall be served in respect to one another as follows:

The term imposed on the **use clause** shall run consecutively pursuant to the provisions of Section 12022.5(a) of the Penal Code.

and in respect to any prior incompleted sentences as follows:

**"THE COURT MAKES NO ORDER"**

Defendant is ordered to pay a Restitution Fine of **$200.00.**

IT IS FURTHER ORDERED that defendant is remanded to the custody of the Sheriff of the County of Alameda to be delivered by him to Director of Corrections at the California State Prison at San Quentin, **San Quentin**, California.

t-sp                                                                                              1

# EXHIBIT C

(8/99)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**                    Dept. No. 009

Date: **December 12, 2001**    Hon. LARRY GOODMAN, Judge        Cindy Bogle, Dep.Clk.
                                                                Not Reported, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA           Counsel appearing      , Deputy
                                                for Plaintiff          District Attorney
                        Plaintiff

vs.                                             Counsel appearing
                                                for Defendant
**CHARLES EDWIN BOLDEN**

                                                Probation Officer
                        Defendant               appearing              Deputy

---

NATURE OF PROCEEDINGS:  **PETITION FOR WRIT OF HABEAS CORPUS**        Case No. **129498**


The defendant is not present.

The Court having read and considered defendant's Petition for Writ of Habeas Corpus filed December 11, 2001,
now orders:  Petition for Writ of Habeas Corpus is denied. Petitioner fails to state a prima facie case for relief
sought.



Copy of this Minute Order mailed December 14, 2001
to the following:


Charles Edwin Bolden
12-146-L  K68224
CSP-Solano P.O. Box 4000
Vacaville, CA  95696-4000



Clerk of the Superior Court by: _____
                                        Cindy Bogle, Deputy



HABEAS CORPUS WRITS.doc

MC-2

Name  CHARLES EDWIN BOLDEN

Address  12-146-L

CSP-SOLANO P.O. BOX 4000

VACAVILLE, CA 95696-4000

CDC or ID Number

# FILED
## ALAMEDA COUNTY

### DEC 1 1 2001

CLERK OF THE SUPERIOR COURT

By _____ Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF CALIFORNIA

*(Court)*

---

CHARLES EDWARD BOLDEN

Petitioner

vs.

THOMAS CAREY, Warden Et al.,

Respondent

---

**PETITION FOR WRIT OF HABEAS CORPUS**

No.  129498

*(To be supplied by the Clerk of the Court)*

---

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor.  See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

**RECEIVED**
DEC 07 2001
ADMIN. SVCS.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 (Rev. January 1, 1999)

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

- [ ] A conviction
- [x] A sentence
- [ ] Jail or prison conditions
- [ ] Other *(specify)*:

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name:    CHARLES EDWIN BOLDEN

2. Where are you incarcerated?    CALIFORNIA STATE PRISON—SOLANO

3. Why are you in custody?    [x] Criminal Conviction    [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      ATTEMPTED MURDER AND THE USE OF A FIREARM IN COMMISSION OF THAT OFFENSE

   b. Penal or other code sections:   F664/287(a) 187(a) USE/GBI PC; 12021(a)

   c. Name and location of sentencing or committing court:   SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

   d. Case number:   Case No. 129498

   e. Date convicted or committed:   August 19, 1997

   f. Date sentenced:   Same as Above

   g. Length of sentence:   15 years

   h. When do you expect to be released?   UNKNOWN AT THE CURRENT RATE AND CONSTANT CHANGES IN CDC

   i. Were you represented by counsel in the trial court?   [x] Yes.   [ ] No.   If yes, state the attorney's name and address:
      ROBERT D. BYERS

4. What was the LAST plea you entered? *(check one)*

   - [ ] Not guilty
   - [ ] Guilty
   - [ ] Nolo Contendere
   - [x] Other:   COERSED PLEA BARGAIN

5. If you pleaded not guilty, what kind of trial did you have?

   - [ ] Jury
   - [ ] Judge without a jury
   - [ ] Submitted on transcript
   - [ ] Awaiting trial

6. GROUNDS FOR RELIEF

    **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE TRIAL COURT'S DUAL USE OF FACTS TO IMPOSE THE UPPER TERMS OF IMPRISONMENT AND

NOT PROPERLY ON THE RECORD DURING PLEA BARGAIN REQUIRES REMAND FOR RESENTENCING

---

  a. Supporting facts:

    Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE MEMORANDUM OF POINTS AND AUTHORITIES WITH SUPPORT

---

  b. Supporting cases, rules, or other authority (optional):

    *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

---

7. Ground 2 or Ground _____ *(if applicable):*

PETITIONER DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS STATE AND FEDERAL CONSTITUTIONAL

RIGHT'S DURING THE PLEA PROCEEDINGS.

a. Supporting facts:

SEE MEMORANDUM OF POINTS AND AUTHORITIES

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information
   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b.  Result: _____    c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

       (2) _____

       (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☒ No.  If yes, state the attorney's name and address, if known

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

   a.  Result: _____    b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:  APPEAL WAS NEVER TAKEN DO THAT COUNSEL TOLD PETITIONER

   HE WOULD FILE A NOTICE OF APPEAL AND HE BELIEVE THE PLEA BARGAIN AND SENTENCE WAS ILLEGAL

11. Administrative Review:
   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

      (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

      (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)  ATTACKING A SENTENCE UNDER CALIFORNIA LAW A WRIT MAY BE USED AT ANY TIME

  CLAIM TWO MAY BE TIME BARRED BUT NOT UNDER HABEAS STATUTE 28 U.S.C. 2241

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
THIS COURT HAS PROPER JURISDICTION OF SUBJECT IN MATTER

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as those matters, I believe them to be true.

Date: _____  ► Charles Bolden "Pro Se"
                                       (SIGNATURE OF PETITIONER)

## TABLE OF CONTENTS

STATEMENT OF FACTS.................................................................. 1

TABLE OF CASES.................................................................... I II

MEMORANDUM OF POINTS AND AUTHORITIES............................................... 2

GROUNDS FOR RELIEF............................................................ 2, 4, 6

(1)   THE TRIAL COURT'S DUAL USE OF FACTS TO IMPOSE
      THE UPPER TERM OF IMPRISONMENT AND NOT PROPERLY
      ON THE RECORD DURING PLEA BARGAIN REQUIRES REMAND
      FOR RESENTENCING............................................................ 2

(2)   PETITIONER DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE
      HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT'S
      DURING THE PLEA PROCEEDING.................................................. 4

(3)   PETITIONER WAS DENIED HIS RIGHT TO THE EFFECTIVE
      ASSISTANCE OF COUNSEL FOR FAILURE TO FILE AND APPEAL
      ON PETITIONER'S BEHALF IN VIOLATION OF BOTH THE
      CALIFORNIA AND UNITED STATES CONSTITUTIONS SIXTH
      AMENDMENT THROUGH THE FOURTEENTH AMENDMENT. EQUAL
      PROTECTION CLAUSE........................................................... 6

CONCLUSION......................................................................... 8

I

TABLE OF CASES

U.S. CASES

Brady v. United States, 397 U.S. 742 (1970).........................................5

Boykin v. Alabama, 395 U.S. 238 (1969)..............................................5

Henderson v. Morgan, 426 U.S. 637 (1976)............................................5

Strickland v. Washington, 466 U.S. 688 (1984).......................................7

Federal Cases

Arnold v. United States, 914 F.2d 1056 (9th CIr. 1969)..............................5

Arrozal v. I.N.S., 159 F.3d 429 (9th Cir. 1998).....................................7

Canales v. Roe, 151 F.3d 1226 (9th CIr. 1998).......................................7

Hayes v. Kancheloe, 784 F.2d 1434 (9th Cir. 1986)...................................5

Lozada v. Deeds, 954 F.2d 956 (9th Cir. 1992).......................................7

Terrovona v. Kancheloe, 852 F.2d 424 (9th Cir. 1988)................................5

United States v. Del-Prete, 567 F.2d 928 (9th Cir. 1978)............................5

United States v. Goodheim, 651 F.2d 1294 (9th Cir. 1981)............................5

United States v. Lopez-Beltran, 607 F.2d 1223 (9th Cir. 1979).......................5

United States v. Newman, 912 F.2d 1119 (9th Cir. 1990)..............................5

United States v. Stearns, 68 F.3d 328 (9th Cir. 1995)...............................7

United States v. Ullysis-Salazar, 28 F.3d 932 (9th Cir. 1994).......................5

State Cases

People v. Avalos, 37 Cal.3d 216 (1984)..............................................2

People v. Barton, 21 Cal.3d 513 (1978)..............................................6

People v. Jordan, 42 Cal.3d 308 (1986)..............................................3

People v. Wilson, 72 Cal.App.3d Supp 64 (1977)......................................6

In re Benoit, 10 C.3d 72 (1973).....................................................6

March v. Municipal Court, 7 Cal.3d 428 (1972).......................................6

Constitutions

Sixth Amendment..................................................................6, 7

Fourteenth Amendment................................................................6

Table of Cases Continued'

Penal Codes

187(a)............................................................ 2,6

654.............................................................. 2,6

1203.06(a)....................................................... 2,6

12022.5..........................................................2,6

Calif.Rules of Court

412.............................................................. 2

420(c)...........................................................2

421(a)(8).........................................................3

Other Statutes

Bus & Prof. Code § 6103

CHARLES EDWIN BOLDEN ; K-68224
12-146-U
CSP-SOLANO
P.O. BOX 4000
VACAVILLE, CA 95696-4000

In Propria Personam

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

CHARLES EDWIN BOLDEN,                    Case No. 129498
                    Petitioner,
                                         PETITION FOR WRIT OF HABEAS
        v.                               CORPUS. WITH MEMORANDUM OF
                                         POINTS AND AUTHORITIES
THOMAS CAREY, Warden., Et al.,
_____/

PETITION FOR WRIT OF HABEAS CORPUS

To the Honorable Judge of the Superior of California for Alameda County.

Petitioner Charles Edward Boldan comes now before the court with a petition for writ of habeas corpus and has no other avenue.

Petitioner was convicted on August 19, 1997 for attempted murder with the commission of a firearm. California Penal Codes 187(a) and Penal Code 12021 by way of plea bargain. (RT 7). See Exhibit (A)  Petitioner was also sentenced to 51 days good-time/worktime credits plus 341 equals 392 days credit. Was ordered to do under Calif.Penal.Code 2933.1 to serve 85 percent of his time.

No notice of appeal was filed in the current action.

1

GROUND

1

THE TRIAL COURT'S DUAL USE OF FACTS TO IMPOSE
THE UPPER TERMS OF IMPRISONMENT AND NOT PROPERLY
ON THE RECORD DURING PLEA BARGAIN REQUIRES REMAND
FOR RESENTENCING.

On August 19, 1997 petitioner Charles Bolden was convicted by way of plea bargain for the attempted murder of Johnell Henley, Cal.Pen.Code 187(a) and with the commision of a firearm, Cal.Pen.Code 1203.06(a) and Pen.Code section 12022.5 (a).

Petitioner was sentenced to five years for the attempted murder and "enhanced" 10 years for the firearm. (RT 4) See Exhibit(A) Petitioner contends the court erred when it enhanced the sentence 10 years. Deal or no deal.

section 654 provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one...."(See also Cal.Rules of Court, rule 420 (c).) Section 654 precludes a sentencing court from using the same facts to support both an aggravated term and a consecutive term of imprisonment. See, e.g., People v. Avalos 37 Cal.3d 216, 233 (1984) This prohibition on "dual use" of facts applies to aggravation of a weapons enhancement term, and imposion of consecutive terms for the underlying offenses. See People v. Dixon, 20 Cal.App.4th 1029, 1038 (1993). the record in front of this court is "silent" on the issue.

Section 12022.5 provides for imposition of an additional term of three, four, or ten years imprisonment for use of a firearm in the commission of a felony. California Rules of Court, rule 428 (b) applies the usual rules for imposition of the upper term for an enhancement: "The upper term may be imposed for an enhancement only when

2

there are circumstances in aggravation that relate directly to the fact giving rise to the enhancement." California Rules of Court, rule 421(a)(8) states as a proper circumstance in aggravation of an offense that "[t]he manner in which the crime was carried out indicates planning...." There's no evidence of planning in this particular case.

In selecting the upper term of ten years, the court cited" pusuant to Rule 412, no further reasons being required to be stated: (RT 4) Under California Rules of Court, rule 421(a)(8), imposition of the upper terms would be proper unless it constituted a prohibited dual use of facts. As petitioner will point out, since any premeditation in obtaining the gun is only proper factor supporting the 10 year enhancement, the ____ sentencing court's dual use of premeditation if that requires remand for resentencing. The sentencing court properly pointed out in the sentencing transcripts. (RT 3) That there was no firearm recovered.

And, though "[a[ trial court's discretionary act is accorded great weight on appeal," it will be reversed if it is "arbitrary or irrational," resulting in a miscarriage of justice. See People v. Arviso, supra, 201 Cal.App.3d at p. 1059; citations omitted; see also People v. Jordan, 42 Cal.3d 308, 316 (1986). Her here, the sentencing court's imposition of ten year enhancement was not supported by any valid reasons. As discussed, ante, there was only a single victim in any count and the shooting was a single instance of self-defense as petitioner explained long ago. Contrary to the court's staement, when imposing restitution fine that the court considered the seriousness and gravity of the offense and the circumstances of its commission in setting amount.

In view of the circumstances of the offenses, and petitioners insignificant prior

3

record of criminal conduct, the imposition of the sentence during sentencing was error. See U.S. v. Cuntreras-Subias, 13 F.3d 1341, 1345-46 (9th Cir.), cert.denied, 114 S.Ct. 2105 (1994).

GROUND
2

PETITIONER DID NOT KNOWINGLY AND
INTELLIGENTLY WAIVE HIS STATE AND
FEDERAL CONSTITUTIONAL RIGHT'S
DURING THE PLEA PROCEEDINGS.

On August 19, 1997 petitioner entered a plea of 15 years of his nogotiated plea bargain. Petitioner told the court he wanted to take back his plea and that he had another lawyer standing by and that his mother had already paid the amount of $300.00 dollars to the service of Mr. Horowitz and Mr. Gold. (RT 2) Petitioner further stated on the record he was pressured into taking the deal. (RT 2).

Furthermore, petitioner could still be heard on the record that I keep telling you I need legal advice. (RT 5)

The trial court responded: What is it you dont understand?

The defendant: What you're talking about.

The Court: About parole?

The Defendant: Yeah, about any of it, about the sentencing, any of it.

The Court: You made an agreement for 15 years.

The Defendant: I told you I want to take that back.

The Court: Well, it's too late to do that.

The Defendant: I was pressurred into it just like you're pressuring me now.

The Court: I'm not pressuring you .

The Defendant: You pressurred me then.

The Court: I didn't pressure you then.

The Defendant: Yes, you did. You helped too. You gave me five minutes to make a decision without new counsel.

The Court: I think you had more than five minutes.

4

The Court: I think you had more than five minutes.

The Defendant: No, I didn't. I was the one who put all the extensions. It was the prosecution.

The Court: I see. Well, at any rate, you're given credit for 341 days spent in custody, total custody, and 170 days good-time/work time.

(RT 5-6).

In the instant case the court clearly violated petitioner's right to withdraw his plea negotiation. It is well settled that the federal constitutional rights during the plea proceedings, petitioner was not advised of the direct consequences of the plea, Boykin, Id. 242-243, Brady, Id. 748-749, 755.

A factual basis was not taken of the plea, nor did the court canvass the record to insure an intelligent & knowingly waiver of the plea. See Arnold v. U.S., 914 F.2d 1056, 1058 (9th Cir. 1996); Terrovona v. Kancheloe, 852 F.2d 424, 428 (9th Cir. 1998). A signed declaration can't substitute for a inquiry of the record. See U.S. v. Del-Prete, 567 F.2d 928, 930 (9th Cir. 1978); U.S. v. Lopez-Beltran, 607 F.2d 1223, 1225 (9th Cir. 1979). This petitioner was not told of the elements of the offense. See Henderson v. Morgan, 426 U.S. 637, 645 (1976); Hayes v. Kincheloe, 784 F.2d 1434, 1439 (9th Cir. 1986). A petitioner at an evidentiary hearing may show that the plea was not voluntary. See U.S. v. Ullysis-Salazar, 28 F.3d 932, 939 (9th Cir. 1994); U.S. v. Newman, 912 F.2d 1119, 1122 (9th Cir. 1990). If the record is silent, evidence may be taken at the hearing. U.S. v. Goodheim, 651 F.2d 1294, 1299 (9th Cir. 1981).

Petitioner request's a evidentiary hearing and that the court reverse his plea bargain for constitutional violations and remand for new trial and give the petitioner the option to take back his plea.

5

GROUND
3

PETITIONER WAS DENIED HIS RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL FOR
FAILURE TO FILE AND APPEAL ON PETITIONER'S
BEHALF IN VIOLATION OF BOTH THE CALIFORNIA
AND UNITED STATES CONSTITUTIONS SIXTH AMENDMENT
THROUGH THE FOURTEENTH AMENDMENT. EQUAL
PROTECTION CLAUSE.

Petitioner Charles EDWIN BOLDEN was convicted in Alameda Superior Court Case No.

129498 of attempted murder Calif.Penal.Code 187(a) and with the commission of a firearm

Calif.Penal.Code 12021 and sentenced to 15 years to state prison. See Exhibit (A)

Defense Counsel Robert D. Byers has failed to file a notice of appeal after he told

petitioner he would. Petitioner has made several instances to contact counsel what's

going on and still no response. It has been well over three-years and defense counsel's

incompetence has prejudiced Petitioner to vindicate his meaniful appeal on a unlawful

conviction by way of cohersive plea bargain the record speaks for itself. Nor did

the sentencing Court advice petitioner of such right.

Only one can assume defense counsel had default in his mind. Petitioner now has

no other remedy other than a petition for writ of habeas corpus. Not even a late notice

of appeal can save petitioner from the time laspe, and a attempt would be futile. Defense

counsel's actions are a breach of professional duty. See (Bus & Prof.Code § 6103. It

is well settled law" defense counsel was obligated to take certain minimum steps with

respect to notice of appeal. See People v. Wilson, 72 Cal.App.3d Supp 64; 140 Cal.Rptr

274 (1977). This Habeas Corpus lies to correct the erroneous denial of a right to

an effective appeal. See In re Benoit. 10 C.3d 72; 109 Cal.Rptr. 785, 514 P.2d 97 (1973).

Furthermore for this court not to reinstate petitioner's "appeal right's" would

surfice to a "miscarriage of justice" (Cal. COnst., art. VI, § 13). See March v. Municipal

Court, supra, 7 Cal.3d at p. 428 102 Cal.Rptr. 597, 498 P.2d 437; People v. Barton, 21

Cal.3d 513, 518 (1978).

6

Because petitioner's claim is that counsel was ineffective, the court must start with the requirement's: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant/petitioner by the Sixth Amendment" and (2) "that the defecient performance prejudiced the defense. " See <u>Strickland v. Washington</u>, 466 U.S. 688, 687 (1984). This standard of "elements" can previously been applied when counsel improperly fails to file a notice of appeal.

In <u>Lozada v. Deeds</u>, 954 F.2d 956, 958 (9th Cir. 1992) the court found the petitioner had been convicted in the state courts of Nevada. He sought habeas corpus relief in which he calimed that counsel had not filed a notice of appeal for him. The Court declared:

We hold that prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent. The Court remanded for determination of whether the failure to file the notice of appeal was without Lozada's consent. If this is the case as in petitioner Charles Edward Boldan case he would be entitled to relief by way of habeas corpus. See also <u>U.S. v. Stearns</u> 68 F.3d 328, 330 (9th Cir. 1995); <u>Arrozal v. I.N.S.</u>, 159 F.3d 429, 432 (9th Cir. 1998); dissaproved on other grounds in <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 n.3 (9th Cir. 1998).

Petitioner request's a "EVIDENTIARY HEARING" to counsel's ineffectiveness, and that counsel's actions violate the state and federal constitutions, and that the standard of <u>Strickland v. Washington</u>, 466 U.S. 688, 80 L.Ed.2d 674 (1984) That his appeal right's be reinstated as law and justice requires.

7

<u>CONCLUSION</u>

WHEREFORE, petitioner prays upon the relief sought and it should be granted.

(1) Petitioner prays the writ issue:

(2) Respondents show cause why the relief sought should not be granted:

(3) That his appeal rights be reinstated:

(4) That the dual use of enhancement be dropped according to law;

(5) That he be allowed to withdraw his guilty plea;

(6) That the court appoint counsel:

(7) That the court grant any other relief it deems proper:

I declare under the penalty of perjury the foregoing is true and correct to the best of my knowledge executed at Vacaville, California.

Dated:                                        Respectfully submitted,

                                              Charles Bolden (Pro Se)
                                              CHARLES EDWIN BOLDEN
                                              IN PROPRIA PERSONAM

8

# EXHIBIT D

# CALIFORNIA APPELLATE COURTS



### Case Information

| | |
|---|---|
| Welcome | **1st Appellate District**                     Change court ▾ |
| Search | Court data last updated: 06/10/2008 01:05 PM |
| E-mail | **Case Summary   Docket   Scheduled Actions   Briefs** |
| Calendar | **Disposition   Parties and Attorneys   Trial Court** |
| Help | |
| Opinions | |



## Docket (Register of Actions)

**In re Charles Edwin Bolden on Habeas Corpus**
**Division 2**
**Case Number A097833**

| Date | Description | Notes |
|---|---|---|
| 02/22/2002 | Filed petition for writ of: | Habeas Corpus. |
| 02/25/2002 | Order denying petition filed. | The petition for writ of habeas corpus is denied. |
| 02/25/2002 | Case complete. | |
| 10/17/2003 | Shipped to state retention center, box # / list #: | L175 |
| 08/23/2004 | Received letter from: | Appellant Charles Bolden, re: status of writ petition |
| 08/24/2004 | Letter sent to: | Appellant Charles Bolden, re: petition for writ of habeas corpus was denied on 2-25-02. |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# EXHIBIT E

# CALIFORNIA APPELLATE COURTS

### Case Information



**1st Appellate District**

Court data last updated: 06/10/2008 12:05 PM

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

Change court 🔽

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**In re Bolden on Habeas Corpus.
Division 2
Case Number A108466**

| Date | Description | Notes |
|------|-------------|-------|
| 11/30/2004 | Petition for a writ of habeas corpus filed. | |
| 12/02/2004 | Order denying petition filed. | The petition for writ of habeas corpus is denied. (See In re Clark (1993) 5 Cal.4th 750, 774.) |
| 12/02/2004 | Case complete. | |
| 12/22/2005 | Shipped to state retention center, box # / list #: | L200 |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# EXHIBIT F

# Supreme Court of California

04/16/2008

S133063

## Docket Listing

Page 1 of 1

| | |
|---|---|
| **Case Number:** | S133063 |
| **Current Status:** | closed |
| **Case Title:** | BOLDEN (CHARLES E.) ON H.C. |
| **Start Date:** | 04/15/2005 |
| **Case Category:** | Original Proceeding - Habeas |

**Court of Appeals Case Information**

**Lower Court Case Information**

| **Party Information** | **Attorneys** |
|---|---|
| CHARLES E. BOLDEN | [None] |
| Petitioner | |
| P.O. Box 4000 | |
| Vacaville, CA 95696 | |

**Docket Events**

| Date | Event |
|---|---|
| 04/15/2005 | Petition for writ of habeas corpus filed<br>By petitioner in pro per |
| 03/29/2006 | Petition for writ of habeas corpus denied<br>(See In re Robbins (1998) 18 Cal.4th 770, 780.) |

S133063

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re CHARLES BOLDEN on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED.  (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

SUPREME COURT
FILED

MAR 2 9 2006

Frederick K. Ohlrich Clerk

DEPUTY

Chief Justice

# S133063

MC-275

Name Charles E. Bolden

Address CSP Solano

PO Box 4000    30-G-7

Vacaville, CA 95696

CDC or ID Number K68224

RECEIVED

MAR 1 1 2005

CLERK SUPREME COURT

RECEIVED

APR 1 5 2005

CLERK SUPREME COURT

SUPREME COURT
FILED

APR 1 5 2005

Frederick K. Ohlrich Clerk

DEPUTY

In The Supreme Court

Of The State Of California

*(Court)*

**PETITION FOR WRIT OF HABEAS CORPUS**

In Re Charles E. Bolden

*vs.*

Tom Carey, Warden

on Habeas Corpus

No. (129498 Superior Court)

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

€ If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

€ If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

€ Read the entire form *before* answering any questions.

€ This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

€ Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

€ If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

€ If you are filing this petition in the Court of Appeal, file the original and four copies.

€ If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

€ Notify the Clerk of the Court in writing if you change your address after filing your petition.

€ In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

**PETITION FOR WRIT OF HABEAS CORPUS**

THOMSON
WEST

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

| | |
|---|---|
| [ ] A conviction | [ ] Parole |
| [X] A sentence | [ ] Credits |
| [ ] Jail or prison conditions | [ ] Prison discipline |
| [ ] Other *(specify)*: _____ | |

1. Your name: __Charles E. Bolden__

2. Where are you incarcerated? __California State Prison (Solano)__

3. Why are you in custody? [X] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

__Attempted Murder And Use of A Firearm In Commission of that__
__Crime.__

b. Penal or other code sections: __F664/287(A), 187(A) USE/GBI PC;12021(A)__

c. Name and location of sentencing or committing court: __Superior Court of Alameda County__
__1125 Fallon St. #209 Oakland,CA 94612-4293__

d. Case number: __129498__

e. Date convicted or committed: __August 19,1997__

f. Date sentenced __Same as above__

g. Length of sentence: __15 years__

h. When do you expect to be released? __Unknown at current rate & constant changes__

i. Were you represented by counsel in the trial court? [X] Yes. [ ] No. If yes, state the attorney's name and address:

__Robert Byers__

4. What was the LAST plea you entered? *(check one)*

[ ] Not guilty [ ] Guilty [ ] Nolo Contendere [X] Other: __Coerced Plea Bargain__

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The trial courts dual use of facts to impose upper term on en-
hancement And not properly represented by counsel during Plea

Bargain, Requires Remand for re-Sentencing


a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

   See Memorandum of Points And Authorities with support


b. Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. **Ground 2 or Ground** _____ *(if applicable)*:

Petitioner did not knowingly And Intelligently Waive his State And Federal Constitutional Rights During Plea Proceedings

a. Supporting facts:    See Memorandum of Points And Authorities And Sentencing Reports

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.  ☒ No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result: _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal?    ☐ Yes.  ☒ No.   If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?    ☐ Yes.  ☒ No.    If yes, give the following information:

   a. Result: _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: Appeal was never taken because Counsel told Petitioner He would file a notice of Appeal because He believed the Plea Bargain And Sentence was Illegal

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?    ☐ Yes.    ☐ No.

   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  [X] Yes. If yes, continue with number 13.  [ ] No. If no, skip to number 15.

13. a. (1) Name of court:  __Alameda Superior Court__

    (2) Nature of proceeding (for example, "habeas corpus petition"):  __Habeas Corpus__

    (3) Issues raised: (a)  __Same in attach Petition__

          (b)  _____

    (4) Result (Attach order or explain why unavailable):  _____

    (5) Date of decision:  _____

   b. (1) Name of court:  __First Appellate Court of Appeals__

    (2) Nature of proceeding:  __Habeas Corpus__

    (3) Issues raised: (a)  __Same in Petition__

          (b)  _____

    (4) Result (Attach order or explain why unavailable):  __Denied A097833__

    (5) Date of decision:  __February 25, 2002__

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    __Attaching a sentence under California Law A Writ May Be Used__
    __At Anytime. Claim two may be time barred, But not Under Habeas__
    __Statute 28 U.S.C. 2241__

16. Are you presently represented by counsel?  [ ] Yes.  [ ] No. If yes, state the attorney's name and address, if known:

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court?  [ ] Yes.  [ ] No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    __This Court has Proper Jurisdiction of the Subject And Matter__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date __February 27, 2005.__

                  ► _Charles Bolden_
                         (SIGNATURE OF PETITIONER)



Charles Edwin Bolden K-68224
20-G7up
CSP Solano
PO Box 4000
Cacaville,CA 95696

In Propria Personam

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

Charles Edwin Bolden,                    Case No. 129498
     Petitioner,                       Petition For WRIT OF HABEAS
                                         CORPUS. WITH MEMORANDUM
    v.                                   OF POINTS AND AUTHORITIES

Tom Carey, Warden,
_____

## PETITION FOR WRIT OF HABEAS CORPUS

To the Honorable Judge of California for Alameda County.

Petitioner Charles E. Bolden comes now before the court
with a petition for writ of habeas corpus and have no other
avenue.

Petitioner was convicted on August 19, 1997 for attempted
murder with the commission of a firearm. California Penal Code
187(a) and Penal Code 12021 by way of Plea Bargain. (RT 7) See
Exhibit (A) Petitioner was also sentenced to 51 days good-time
work-time credits plus 341 equals 392 days credit. Was ordered
to do under Calif.Penal Code 2933.1 to serve 85 percent of his
time.

No notice of appeal was filed in the action.

1

GROUND
1

THE TRIAL COURT'S DUAL USE OF FACTS TO IMPOSE
THE UPPER TERMS OF IMPRISONMENT AND NOT PROPERLY
ON THE RECORD DURING PLEA BARGAIN REQUIRES REMAND
FOR RE-SENTENCING.

On August 19, 1997 petitioner Charles Bolden was convicted by way of plea bargain for attempted murder, Cal.Pen.Code 187(a) and with commission of a firearm, Cal.Pen.Code1203.6(a) and Pen.Code.§12022.5(a).

Petitioner was sentenced to five years for the attempted murder and "enhanced" 10 years for the firearm. (RT4) See exhibit (A). Petitioner contends the court erred when it enhanced the sentence 10 years. Deal or no Deal.

Section 654 provides in part: "An act or omission which is made punishable in different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one..."(See also Cal.Rules of Court, rules 420(c).) Section 654 precludes a sentencing court from using the same facts to support both an aggravated term and a consecutive term of imprisonment. See, e.g. People v. Avalos 37 Cal.3d. 216, 233 (1984) This prohibition on "dual use" of the facts applies to aggravation of a weapons enhancement term, and imposion of consecutive terms for the underlying offenses. See People v. Dixon, 20 Cal.App.4th 1029, (1993). The record in front of this court is "silent" on the issue.

Section 12022.5 provides for the imposition of an additional terms of three, four or ten years imprisonment for use of a firearm in the commission of a felony. Calif. Rules of Court, rule 428(b) applies the usual rules for imposition of the upper term for an enhancement: "The upper term may be imposed for an enhancement only when there are circumstances in aggravation that relate directly to the fact giving rise to the enhancement." Calif. Rules of Court, rule 421(a) (8) states as

2

a proper circumstance in aggravation of an offense that "[t]he manner in which the crime was carried out indicates planning..." There's no evidence of planning in this particular case (in or on the record).

In selecting the upper of ten years, the court cited" pursuant to Rule 412, no further reasons being required to be stated (RT4) Under Calif. Rules of the Court, rule 421(a)(8), imposition of the upper terms would be proper unless it constituted a prohibited dual use of facts. As petitioner will point out, since any premeditation in obtaining the gun is only proper factors supporting the ten year enhancement, the sentencing court's dual use of premeditation if that requires remand for re-sentencing. The sentencing court properly pointed out in the sentencing transcripts. (RT3) That there was no firearm recovered.

And, though "[a[ trail court's discretionary act is great weight on appeal," it will be reversed if it is "arbitrary or irrational," resulting in a miscarriage of justice. See People v. Arviso, supra, 201 Cal.App.3d at p.1059; citations omitted; see also people v. Jordan, 42 Cal.3d. 308, 316 (1986). Here, the sentencing court's imposition of ten year enhancement was not  supported by any valid reason. As discussed, ante, there was only a single victim in any count and the shooting was a single instance of self-defense as petitioner explained long ago. Contrary to the court's statement, when imposing restitution fine that court considered the seriousness and gravity of the offense and the circumstances of its commission in setting amount of $200.

In view of the circumstances of the offense, and petitioners insignificant prior record of conducts, the imposition of the sentence during sentencing was error. See U.S. v. Cuntreras-Subias, 13 F.3d. 1341, 1345-46 (9th Cir.),cert. denied, 114 S.Ct.2105 (1994).

3

Witte VSS 515 US 389 (1995)
The double jeopardy clause of the federal Constitution prohibits
successive prosecution or multiple punishment for the same of-
  fense; The language of the double jeopardy clause protects
against more than the actual impositions of two punishment for
the same offense. And by the terms of the clause it protects
a criminal defendants from being twice put in jeopardy for such
punishment, that is, the clause prohibits merely punishing twice
or attempting a second time to punish criminally for the same
offense, thus under the double jeopardy clause, courts may not
impose more than one punishment for the same offense.

　　The court may not use a fact that is element of the crime
to impose the upper term. The court is also prohibited from
using a fact charged and proved as a conduct enhancement to
impose the upper term.

　　Because the facts supporting petitioner exceptional sen-
tence were neither admitted by petitioner nor found by a jury,
the sentencing violated his Sixth Amendment right to trial by
jury. This case requires the court to apply the rule of Appren-
di v. New Jersey, 530 US 466,490, that other than the fact of
a prior conviction. Any fact that  increases the penalty for
a crime to a jury and proved beyond a reasonable doubt.

　　Petitioner was sentenced to more than 5 yrs. above the
statutory maximum of the standard range because he had acted
with deliberate cruelty. The fact supporting the findings were
neither admitted by petitioner nor found by a jury.

　　Those facts alone were inseffecent because, reason offered
to justify an exceptional sentence can be considered only if
it takes into account factors other than those which are used
in the offense, which in this case included the elements of
the crime and the use of a firearm. To impose the upper term
where no jury found aggravating factors beyond a reasonable
doubt, nor did petitioner admit to them. A defendant does not
forfeit certain rights (Constitutional Rights, including the

4

right to a jury trial by failure to object. People v. Vera,
(1997) 15 Cal.4th 296,276-77. A defendant is not precluded from
raising for the first time on appeal a claim asserting the de-
privation of certain fundamental Constitutional Rights. Sulli-
van v. Louisiana, (1993) 508 U.S. 275,281-82. Thus where that
right is altogether denied, the state cannot contend that the
deprivation was harmless because the evidence established the
defendant's guilt. The error in such a case is that  the wrong
entity judged the defendant guilty, Rose v. Clark (1986) U.S.
570,578, "Review For Harmless error is therefore inapproiate
and automatically reversal is required (Id.,577-78)

A ten year enhancement for a prior conviction(wobbler),
in addition to the sentence for the present crime. The language
of 667 demonstrates that the ten year aggravated enhancement,
is not for the later offense but is to resentence for the prior
wobbler conviction. This is a violation of ex post Facto pro-
hibitions, by being distinct. Using pleas as opposed to trials
to enhance is unconstitutional for purpose of enhancement. A
prior conviction must be stricken unless there is a record that
the defendant waived his constitutional rights and understood
the nature of the consequences of his plea.
In re Tahl(1969) 1 Cal.3d.122,In re Birch(1973) 10 Cal.3d. 314.
Defendant did not waive any of his rights and did not understand
the nature or the consequences of the plea.

In this declaration to the court, the district attorney,
to the prior as alleged; which was true at the time and remains
true today. He goes on to say; the alleged conviction, the de-
fendant comes within the provisions of the penal code 1170.12
and §667(B)(i) He Fail to inform the court that the prior was
a plea bargain and that no weapon was used.

Double the base term rule (Repealed effective Jan. 1, 1998)
The general rule, under former Pen.Cod. §1170(g) was that the
term of imprisonment could not exceed twice the number of years
imposed by the trial court for the base term under Pen. Cod.

5

1170(b).

<u>GROUND</u>

2

PETITIONER DID NOT KNOWINGLY AND

INTELLIGENTLY WAIVE HIS STATE AND

FEDERAL CONSTITUTIONAL RIGHTS

DURING THE PLEA PROCEEDINGS.

On August 19,1997 petitioner entered a plea of 15 years
of his negotiated plea bargain. Petitioner told the court he
wanted to take back his plea and that he had another lawyer
standing by and that his mother had already paid the amount
of $300.00 dollars to the service of, Mr. Horowitz and Mr. Gold.
(RT2) Petitioner further stated on the record he was pressured
into taking the deal. (RT 2).

Furthermore, petitioner could still be heard on the record
that I keep telling you I need (Legal Advice). (RT 5).
The trial court responded: What is it you dont understand?
The defendant: What you're talking about.
The court: About parole?
The defendant: Yeah, about any of it, about sentencing, any
of it.
The court: You made an agreement for 15 years.
 The defendant: I told you I want to take that back.
The court: Well it is too late.
The defendant: I was pressured into it just like you're pressur-
ing me now.
The court: I'm not pressuring you.
The defendant: You pressured me then.
The court : I didn't pressure you.
The defendant: Yes you did too. You gave me five minutes to
make a decision without counsel.
The court: I think you had more than five minutes.

6

The defendant: No I didn't. I was the one who put all the ex-
tensions. It was the prosecution.

The court: I see. Well, at any rate, you're given credit for
341 days in custody and 170 days good-time/work-time.

(RT 5-6)

In the instant case the court clearly violated petitioner
right to withdraw his plea negotiation. It is well settled that
the Federal Constitutional Rights during the plea proceedings,
petitioner was not advised of the direct consequences of the
plea, Boykin v. Allabama, Id. 242-243, Brady, Id. 748-49,755.
Presuming a waiver of counsel from a silent record is imper-
missible; the record must show or there must be an allegation
and evidence which shows that the accused was offered counsel
but intelligently and understandingly rejected offer. U.S. Su-
preme Courts digest 6A, 231 Ed.2d.274

A factual basis was not taken of the plea nor did the court
canvass the record to insure an intelligent & Knowingly waiver
of the plea. See Arnold v. U.S., 914 F.2d. 1056, 1058 (9cir.
1996); Terrovona v. Kancheloe, 852 F2d. 424,428 (9cir. 1998).
A signed declaration can't substitute for a inquiry of the record
See U.S. v. DelPrete, 567 F.2d. 928,930 (9cir.1978); U.S. v.
Lopez-Beltran, 607,F.2d.1223,2225 (9cir.1979). This petitioner
was not told of the elements of the offense. See Henderson v.
Morgan, 426 U.S. 637,345,(1976);Hayes v. Kincheloe, 784,F.2d.1434
,1439(9cir.1986). A petitioner at an evidentiary hearing may
show that the plea was not voluntary. See U.S. v. Ullysis-Salazar
28,F.3d 932,939 , (9th.cir,1994); U.S. v. Newman, 912 F 2d
1119,1122 (9th cir. 1990). If the record is silent, evidence
may be taken at the hearing. U.S. v. Goodeim, 651,F.2d 1294,
1299 (9th.cir.1981).

Petitioner request a evidentiary hearing and that the court
reverse his plea bargain for constitutional violation and remand
for new trial and give the petitioner the option to take plea
back.

GROUND

3

PETITIONER WAS DENIED HIS RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL FOR
FAILURE TO FILE AND APPEAL ON PETITIONER'S
BEHALF IN VIOLATION OF BOTH THE CALIF. AND
UNITED STATES CONSTITUTIONS SIXTH AMENDMENT
THROUGH THE FOURTEENTH AMENDMENT. EQUAL
PROTECTION CLAUSE.

Petitioner Charles Bolden was convicted in Alameda Superior
Court Case No. 129498 of attempted murder Calif. Pen.Cod. 187(a)
and with the commission of a firearm, Calif. Pen.Cod.12021 and
sentenced to 15 years in state prison. See Exhibit (A) Defense
counsel Robert D. Byers has failed to file a notice of appeal
after he told petitioner he would. Petitioner has made several
times to contact counsel to find out what is going on, but still
never receiving an answer. It has been well over 3 years and
defense counsel's incompetence has prejudiced petitioner to
vindicate his meaningful appeal on a unlawful conviction by
way of cohersive plea bargain. The record speaks for itself.
Nor did the sentencing court advise petitioner of such right.

Only one can assume defense counsel had default in his
mind. Petitioner now has no other remedy other than a petition
for writ of habeas corpus. Not even a late notice of appeal
can save petitioner from lapse of time and attempt would be
futile. Defense counsel actions are breach of his profession.
See bus & Prof. Cod.§6103.) It is well settled law Defense coun-
sel was obligated to take certain minimum steps with respect
to notice of appeal. See people v. Wilson, 72 Cal. App.3d Supp
64; 140 Cal.Rptr 273 (1977). This habeas corpus lies to correct
the erroneous denial of a right to an effective appeal. See
In Re Benoit, 10 C.3d 72; 109 Cal.Rptr.758,514 P.2d(1973).

Furthermore for the court not to reinstate petitioner's
"appeal rights" would surface to a "miscarriage of justice"
Cal. const., art VI,§13). See March v. Municipal Court, Supra,
7 Cal. 3d. at p.428, 102 Cal. Rptr. 597, 498 P.2d 437; People
v. Barton 21 Cal. 3d.513,518 (1978).

Because petitioner's claim is that counsel was ineffective, the court must start with the requirements: (1) that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant/ petitioner by the sixth Amendment and (2) that the defecient performance prejudiced the defense. See Strickland v. Washington, 466,U.S. 688,687 (1984). This standard of elements can previously been applied when counsel improperly fails to file a notice of appeal.

In Lozada v. Deeds, 954 F.2d. 956, 958 (9th cir. 1992) the court  found the petitioner had been convicted in the state courts of Nevada. He sought habeas corpus relief in which he claimed that counsel had not filed a notice of appeal for him. The court declared: We hold that prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent. The court remanded for determination of whether the failure to file the notice of appeal was without Lozada's consent. If this case as in petitioner Charles Bolden case, he would be entitled to relief by way of habeas corpus. See U.S. v. Stearns 68 F.3d. 328,330 (9th cir.1995); Arrozal v. I.N.S., 159 F.3d 429, 432 (9th. cir.1998); disapproved on other grounds in Canales v. Roe 151 F.3d 1226, 1229 n.3 (9th cir. 1998)
Estoppel and waiver #38 Constitutional Rights, Waiver of such not only must be voluntary  but must be knowingly, intelligently done with sufficient awareness of the relevant circumstances.

A guilty plea to a felony charge entered without counsel and without a waiver of counsel is invalid.
Denial of counsel after being advised illegally by counsel. I paid for and ask the judge for new counsel and was told to fight it from prison. Statement from counsel "take the deal and behave in prison and with your record you will probably parole in 5 years". When I found out that was not true I sought and obtained new counsel in which the judge denied.

If a defendant guilty plea is not voluntary and knowing, it
has been obtain in violation of due process & therefore void.
There is reversible error under the due process clause of the
forteenth Amendment where the record does not disclose that
the defendant voluntary and understandingly enter such plea.

Petitioner request a "Evidentary Hearing" to counsel's
ineffectiveness and that counsel's actions violate the state
and federal constitutions and that the standard of (Strickland
v. Washington, (supra) That his appeal rights be re-instated
as required by justice and law.
5 Cal.4th 750 (1993);and People v. Dunvall, 9 Cal.4th 464,474(19-
95).

Once a petitioner makes a constitutional or statutory claim
his due process rights under liberty interest are triggered
for review, See U.S. Constitution, Amendment 14; Olim v. Wakine-
kona, 461 U.S. 238, 249 (1983), of; Hewitt v. Helms, 459 U.S.
460,472 (1983).

The habeas corpus is collateral attack against final judg-
ment of a criminal conviction, the petitioner bears a heavy
burden to plead the grounds sufficient, all presumptions favor
the truth, accuracy & fairness of the convict on the sentence,
the defendant has the burden of overturning them, See People
v. Gonzales, 51 Cal.3d.1179, 1260 (1990). The petitioner should
state fully and with particularity of the facts on which relief
is sought, See; People v. Karis, 46 Cal. 3d 612,656 (1988).
The petition should include copies of any reasonable documen-
tary evidence supporting claims which includes transcripts,
affidavits & declarations, See; In Re Harris, 5 Cal.4th 813,
827 (1993). The petitioner must establish grounds for his release
"see" In Re Williams, 183 Cal 11,14 (1920). Petitioner contends
he has met that burden.

Petitioner files this habeas corpus under authority of
Calif. Const., Art 6,§10; Pen.Cod.1473; In Re Clark, 5 Cal.4th

750,764 (1993); See <u>People v. Duvall</u>, 9 Cal. 4th. 464,474 (1995)
An order to show cause with the filing of the return and tra-
  verse is requested in this matter per the pronoucements of
<u>Adoption of Alexander S.</u>, 44 Cal. 3d 857 (1988); <u>In Re Sixto,</u>
48 Cal.3d 1247,1251-52 (1989); <u>People v. Remero</u>, 8 Cal.4th 728,
739 (1994).

GROUNDS FOR RELIEF

When the court sentence petitioner to the upper term it violated
my Federal Constitutional Rights under the 5th,6th,& 14th Amend-
mments, because the aggravating factors that the court used to
justify  that sentence were not found by a jury and were not
proved beyond a reasonable doubt. Under the Calif. determinate
Sentencing law, the maximum sentence a judge may impose without
making additional findings is to be imposed and the statue speci-
fics 3 possible terms, the court shall order imposition of the
middle term, unless there are circumstances in aggravating or
mitigating the crime. Pen. Cod. 1170(b) Cal. Rules of Court
4.420(a)(b). The middle term is the maximum term that court
may impose without making additional findings.

<u>CONCLUSION</u>

I pray upon the relief sought and it should be granted. I declare
under the penalty of perjury the foregoing is true and correct
to the best of my knowledge.


Dated:                              Respectfully submitted,



                                    Charles E. Bolden



ENDORSED
FILED

AUG 28 1997

RONALD G. OVERHOLT, Exec. Off./Clerk
By Triney Hernandez, Deputy

K68224

COPY

1

2

3

4

5      IN THE SUPERIOR COURT OF CALIFORNIA

6      COUNTY OF ALAMEDA

7      BEFORE THE HONORABLE JOHN A. BURKE, JUDGE

8      ---oOo---

9

10   THE PEOPLE OF THE STATE            ) DEPT. NO. 804
     OF CALIFORNIA,                     )
11                                      )
                    Plaintiff           )
12                                      ) NO. 129498
                                        )
13   vs.                                )
                                        ) CHARGES:
     CHARLES EDWARD BOLDEN,             ) 1)F664/187(a) USE/GBI PC 1PR
14                                      ) 2)F664/187(a) USE/GBI PC
                    Defendant.          ) 3)F12021(a) PC
15   _____/     ) 4)F245(a)(2) PC

16

17            REPORT AND SENTENCE

18            CITY OF HAYWARD

19   COUNTY OF ALAMEDA, STATE OF CALIFORNIA

20         TUESDAY, AUGUST 19, 1997

21

22            A P P E A R A N C E S

23

24   FOR THE PEOPLE:            ANGELA BACKERS
                                Deputy District Attorney
25
     FOR THE DEFENDANT:         ROBERT D. BYERS
26                              Attorney at Law

27   REPORTED BY:               TERESA YAZOLINO-BADIE
                                CSR #7393
28
          (The Defendant was present in court.)

The foregoing instrument is a
correct copy of the original
on file in this office.

ATTEST  SEP 25 1997

RONALD G. OVERHOLT
Executive Officer/Clerk of the Superior Court,
State of California, County of Alameda

BY _____ DEPUTY

TERESA YAZOLINO-BADIE, CSR, RPR, CRR

1

TUESDAY —— AUGUST 19, 1997 —— 9:47 A.M.

PROCEEDINGS

———oOo———


THE COURT:  This is the case of People vs. Charles

Bolden.  Angela Backers for the People.  Robert Byers for the

defendant.  Today's the day set for sentence.

Is there any legal cause to show why the judgment

and sentence of this Court should not now be pronounced?

MR. BYERS:  Well, Judge, as we talked about earlier,

Mr. Bolden would like some additional time so he could hire

another attorney so he could get his plea back and go to

trial.

THE COURT:  His what?

MR. BYERS:  Plea back.

THE COURT:  Get his plea back?  You mean withdraw

the plea that he entered?

MR. BYERS:  Withdraw, yes.

THE COURT:  What's the People's position on that?

MS. BACKERS:  Judge, I don't know of any legal cause

why the defendant would be entitled to withdraw his previously

entered plea, and it's my understanding that he has not

retained any attorney at this point to do so and that

Mr. Byers will not be filing a motion to withdraw his plea.

So I believe what the Court should do, since there's

no good cause shown at this point for why he would be allowed

to withdraw his plea, that he should be sentenced.  And then

the defendant would be entitled to file that kind of a motion

2

1   from state prison while he's serving his sentence.

2           THE COURT:  All right.  It's the intent of the Court

3   to go ahead and sentence the defendant.  The defendant entered

4   a plea as part of a plea bargain and got a reduced sentence

5   from what he was facing, 15 years in prison.

6           Does the defendant waive formal arraignment for

7   judgment and sentencing?

8           MR. BYERS:  Yes.  Just one more thing, your Honor.

9   Mr. Bolden has just informed me that he in fact did retain the

10  service, I believe, of Mr. Horowitz and Mr. Gold.

11          THE COURT:  Where are they?  Did you tell them to be

12  here today?

13          THE DEFENDANT:  No.  He said it would be best if

14  Robert took care of it today.  Let you know the reasons why I

15  wanted to take back the plea.

16          THE COURT:  Did you hire -- did you pay any money?

17          THE DEFENDANT:  Yes.  My mother gave him $300, and

18  he came and visit me in Santa Rita Saturday -- Sunday evening

19  about 7 o'clock.

20          THE COURT:  What reasons do you want to set forth?

21          THE DEFENDANT:  I was pressured into taking that

22  plea.

23          THE COURT:  By whom?

24          THE DEFENDANT:  Well, my attorney and the prosecutor

25  over there, plus I don't believe the prosecutor's being

26  totally honest with my attorney as far as discovery.  There

27  was no complete investigation done, and there was no ballistic

28  work done.

3

1        THE COURT:  No what?

2        THE DEFENDANT:  Ballistics work done whatsoever.

3        THE COURT:  Well, there's no firearm recovered.  So

4    what good would ballistics do?

5        THE DEFENDANT:  To prove who actually shot this

6    other person.

7        THE COURT:  I'm sorry.  Anything else?

8        THE DEFENDANT:  I guess there's nothing more.

9        THE COURT:  Does the defendant waive formal

10   arraignment for judgment and sentencing?

11        (Attorney-client discussion off the record.)

12        THE DEFENDANT:  I don't understand.  I need to talk

13   to my attorney.  I don't understand what you going to do.

14        THE COURT:  I'm going to sentence you to prison

15   pursuant to the plea bargain that you entered and agreed to at

16   the last time with the District Attorney.

17        And the idea of your waiving formal arraignment for

18   judgment and sentence is merely so that it will relieve the

19   Court of the duty of having to read the entire Information and

20   the date of the filings and the date of your plea and what

21   your plea was to at this time.

22        If you don't want to waive that, then I'll go ahead

23   and read the whole thing out loud on the record.

24        (Attorney-client discussion off the record.)

25        MR. BYERS:  He'll waive reading, your Honor.

26        THE COURT:  The defendant has agreed, and the

27   District Attorney has not objected to the following sentence:

28   Namely, a sentence of 15 years to state prison.  And that

4

1    would be five years for the attempted murder, as alleged in

2    the First Count of the Information, and ten years for the use

3    of a firearm in the commission of that offense.  And pursuant

4    to Rule 412, no further reasons being required to be stated:

5              It is the judgment and sentence of this Court that

6    you shall be imprisoned in the state prison for men for a

7    period of 15 years.  I further order that you shall be

8    remanded to the custody of the Sheriff of this county for

9    delivery to state prison.

10              Pursuant to Section 13967(a) of the Government Code,

11    the defendant is ordered to pay a restitution fine to the

12    State Restitution Fund of $200.

13              The Court has considered the seriousness and gravity

14    of the offense and the circumstances of its commission in

15    setting that amount.

16              The Director of Corrections may collect this

17    restitution from your earnings in prison.

18              Mr. Bolden, at the expiration of your period of

19    incarceration, you will be placed on parole for a period not

20    to exceed 60 months unless that is waived for good cause by

21    the Board of Prison Terms.

22              If you violate any provision of your parole grant,

23    your parole may be revoked, and you could be incarcerated for

24    a period not to exceed 12 months in each instance of

25    revocation.  The total time spent in custody due to revocation

26    of parole and the limit of parole itself may not exceed the

27    period of 60 months.

28              Do you understand what I just told you?

5

1    THE DEFENDANT:  I need my attorney here to represent

2    me.

3    THE COURT:  Do you understand what I just said?

4    THE DEFENDANT:  No, I don't.

5    THE COURT:  You want me to read it again?

6    THE DEFENDANT:  It's up to you.  Yeah, read it

7    again.

8    THE COURT:  At the expiration of your period of

9    incarceration, you will be placed on parole for a period not

10    to exceed 60 months unless that is waived for good cause by

11    the Board of Prison Terms.

12    If you violate any provision of your parole grant,

13    your parole may be revoked, and you could be incarcerated for

14    a period not to exceed 12 months in each instance of

15    revocation.  The total of time spent in custody due to

16    revocation of parole and the limit of parole itself may not

17    exceed the period of 60 months.

18    Do you understand that?

19    By your silence, I assume that you do.

20    THE DEFENDANT:  No, I don't.  I keep telling you

21    that I need legal advice on this issue.

22    THE COURT:  All right.

23    THE DEFENDANT:  I don't know what you're talking

24    about.  I'm telling you I don't understand.

25    THE COURT:  What is it you don't understand?

26    THE DEFENDANT:  What you're talking about.

27    THE COURT:  About parole?

28    THE DEFENDANT:  Yeah.  About any of it, about the

6

1  sentencing, any of it.

2          THE COURT:  You made an agreement for 15 years.

3          THE DEFENDANT:  I told you I want to take that back.

4          THE COURT:  Well, it's too late to do that.

5          THE DEFENDANT:  I was pressured into it just like

6  you're pressuring me now.

7          THE COURT:  I'm not pressuring you.

8          THE DEFENDANT:  You pressured me then.

9          THE COURT:  I didn't pressure you then.

10          THE DEFENDANT:  Yes, you did.  You helped too.  You

11  gave me five minutes to make a decision without new counsel.

12          THE COURT:  I think you had more than five minutes.

13          THE DEFENDANT:  No, I didn't.  I was the one who put

14  in for all the extensions.  It was the prosecution.

15          THE COURT:  I see.  Well, at any rate, you're given

16  credit for 341 days spent in custody, total custody, and 170

17  days good-time/work-time.

18          MS. BACKERS:  Judge, it's a 15 percent limitation on

19  that case.

20          THE COURT:  A 15 percent even prior to --

21          MS. BACKERS:  Yes.  Under Penal Code 2933.1 he's

22  required to serve 85 percent.  So he can only earn 15 percent

23  credit.

24          THE COURT:  So let's see.  That would be

25  approximately 51 days.  So you're given credit for 51 days

26  good-time/work-time for total credits of 51 plus 341 equals

27  392 days credit.

28          The record should also note that or show that the

7

1    Court has read and considered the report of the Alameda County

2    Probation Department which recommends a denial of probation.

3            That is the sentence of the Court.

4            The defendant is remanded to the custody of the

5    Sheriff to be delivered to State Prison.

6            MR. BYERS:  Judge, I'm sorry.  I was just handed a

7    piece of paper from -- this morning from my client saying that

8    he's been accepted to a foundation.  I guess it's a --

9            (Attorney-client discussion off the record.)

10           MR. BYERS:  To some kind of -- it's a -- some kind

11   of program involving behavior -- drug.  If we could just

12   attach this to the probation report.  I don't know if you want

13   to see it.

14           MS. BACKERS:  I read the letter.

15           THE COURT:  I think there is a letter attached to

16   the probation report.  Who is that by?

17           MR. BYERS:  By Mr. Bolden.  At the very end,

18   handwritten letter.

19           MS. BACKERS:  He referred to that program in his

20   handwritten two-page note to the Probation Department.

21           THE COURT:  All right.  You may include that with

22   the probation report.  That's all.

23           MS. BACKERS:  Thank you, your Honor.

24           MR. BYERS:  Okay.

25           (Whereupon, the proceedings concluded at 10:00 a.m.)

26                          ---oOo---

27

28

1  STATE OF CALIFORNIA          )
                                )    ss.
2  COUNTY OF ALAMEDA            )

3

4

5          I, TERESA YAZOLINO-BADIE, do hereby certify:

6          That I am a Certified Shorthand Reporter of the

7  State of California, and duly appointed shorthand reporter in

8  the Municipal Court for the San Leandro-Hayward Judicial

9  District, County of Alameda, State of California;

10         That on TUESDAY, AUGUST 19, 1997, I fully and

11  correctly reported the within-entitled matter, the REPORT AND

12  SENTENCE of the Defendant CHARLES EDWARD BOLDEN, before the

13  Honorable JOHN A. BURKE, Judge;

14         That the foregoing Pages 1 through 7, are a

15  full, true, and correct transcription of my shorthand notes

16  taken at the said time and place.

17         IN WITNESS WHEREOF, I have hereunto subscribed

18  my name this 19TH day of AUGUST, 1997.

19

20

21

22

23         TERESA YAZOLINO-BADIE, CSR NO. 7393

24

25

26

27

28



# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE
} COURT OF CALIFORNIA, COUNTY OF _____ ALAMEDA _____

COURT (I.D.) 01     BRANCH OR JUDICIAL DISTRICT: _____

ENDORSED
FILED
ALAMEDA COUNTY

SEP 16 1997

RONALD G. OVERHOLT, Exec. Off/Clerk
By Beverly Graves

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: CHARLES EDWIN BOLDEN
AKA: (AHK 218 6178799)

☒ PRESENT
☐ NOT PRESENT

129498

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 08/19/97 | HMC #4 | JOHN BURKE | Martha Rosales |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Teresa Yazolino-Badie | Angela Backers, DDA | Robert Byers, Esq. | -- |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L/M/U) | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187**/664 | Att. Murder-Second Deg | 96 | 07 | 22 | 97 | | | X | L | 5 | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the §12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5(a) | 10 | | | | | | | | | 10 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

Defendant is ordered to pay a Restitution Fine of $200.00.

| | | | |
|---|---|---|---|
| 5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT): | | | |
| 6. TOTAL TERM IMPOSED: | | 15 | |

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. ☒ AT INITIAL SENTENCING HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AFTER REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08/19/97

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 392 INCLUDING: | ACTUAL LOCAL TIME 341 | LOCAL CONDUCT CREDITS 51 | STATE INSTITUTIONS ☐ DMH | ☐ CDC |
|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☒ SAN QUENTIN
☐ OTHER (SPECIFY): _____
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.

## CLERK OF THE COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Beverly Graves | Sept 16, 1997 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California

# EXHIBIT D

```
LEGAL STATUS SUMMARY  TYPE- D      CSF-S      ** DISCREPANT **04/08/2004 21:42

  CDC NUMBER  |  NAME                                      | ETHNIC |   BIRTHDATE
  K06274      |  BOLDEN,CHARLES,EDWIN                       |  BLA   |  10/07/1958

  TERM STARTS | MAX REL DATE   MIN REL DATE   MAX ADJ REL DT |  MIN ADJ REL DT
  09/26/1997  |  07/18/2011    09/20/2009     07/18/2011     |  09/20/2009

                                                           |  PAROLE PERIOD
BASE TERM  5/00 + ENHCMNTS  10/00 = TOT TERM  15/00        |  3 YRS


PRE-PRISON + POST SENTENCE CREDITS
CASE       P2900-B P1203.6 P2900-1 CDC-CRED NH-CRED P4019    P2931 POST-SENT  TOT
129498       361                                   51           40    401

C-DOC DUE COMPLETED
NOTIFICATION REQUIRED PER PC5058.6


  RECV DT/ COUNTY/    CASE    SENTENCE DATE                   CREDIT    OFFENSE
  CNT      OFF-CODE   DESCRIPTION                             CODE      DATE


CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES)

  -CONTROLLING CASE --
  9/26/1997  ALA   129498       8/19/1997
  01 P187 2ND   MURDER 2ND-                                          4   08/27/199
           ATT
           P12022.5(A)  05 USE F ARM                                4
      PC #992 1


  TRAN                               RULE          D A Y S
  TYPE   DATE      ENG DATE LOG NUMBER  NUMBER  ASSESS LOST REST DEAD


  BEG 05/23/1997              ******BEG BAL******
  ECL 06/01/1998              08FB09001 3005(B)     30    30
  ADD 09/23/1997              129498
  BCR 12/22/1998              08FB09001 3005(B)                30
  ECL 08/26/2000              200091278 3290(D)     90    90
  ANT 09/23/1997              129498
  ECL 12/08/2003              203121410 3017        30    30
  ADD 09/29/1997              129498
  BCR 04/08/2004              203121410 3005                 30
  ADD 09/23/1997              129498
   CURRENT PC BALANCE:   0           CURRENT BC BALANCE:   660
```

ANCY AND WARNING ERRORS                                    04-08-2004

    K68224   BOLDEN,CHARLES,EDWIN

#SE=129498   ID=
    TOTAL TEEM GREATER THAN TWICE THE BASE

**PROOF OF SERVICE BY MAIL**

1

2   I, _Charles Edwin Bolden_ , declare under penalty of

3   perjury that I am over the age of 18 years, and that **I am ( ) a**

4   **party, am not ( ) a party**, to the action attached hereto.

5   I reside in Solano County and my address is P.O. Box 4000,

6   CSP-Solano, Vacaville, California, 95696-4000.

7   That on _Feburary 27_ , 20_05_, I delivered to prison

8   officials for deposit in the appropriate mail receptacle for

9   delivery to the United States Post Office (Postal Annex)located

10  in the City of Vacaville at 1989 Peabody Rd. 95687-6286 copy(s)

11  of the attached: Writ, Abstract of Judgement

12  And Attach Memorandums

13

14

15  In a sealed envelope with postage fully prepaid, and

16  addressed to the following:

17

18

19

20

21

22  I declare under the penalty of perjury that the foregoing

23  is true and correct. This declaration was executed on this

24  _27_ , day of _Feburary_ , 20_05_ , at California State

25  Prison-Solano Vacaville, California 95696-4000.

26                                    _Charles Bolden_

                                            **DECLARANT**

27

-1-

**S133063**

JOHN C. ROSSI
ASSISTANT CLERK-ADMINISTRATOR

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

RECEIVED

APR 1 5 2005

CLERK SUPREME COURT

March 11, 2005

Charles E. Bolden  #K-68224
California State Prison – Solano
P.O. Box 4000
Vacaville, CA  95696

Re:  **Petition for Writ of Habeas Corpus**

Dear Mr. Bolden:

Returned unfiled is your petition for writ of habeas corpus received today.  We must have an original signature.  Please sign the form at the place indicated and return it with the enclosed copy of this letter so that it may be properly filed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Jennifer L. Casados,
Deputy Clerk

Enclosure

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Bolden v. Sisto, Warden**

No.:    **C 07-0432 RMW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On June 18, 2008, I served the attached **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:


Charles E. Bolden
No. K-68224
CSP-Solano
22-N-3L
P.O. Box 4000
Vacaville, CA  95696


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 18, 2008, at San Francisco, California.


|              D. Desuyo              |  /s/      D. Desuyo  |
| :---: | :---: |
| Declarant | Signature |

20117555.wpd