Charles Bolden K-68224
CSP-Solano 22-N-3L
P.O. Box 4000
Vacaville, CA 95696

FILED

AUG 1 3 2008




United States District Court
In and for The Northern District
of California

Charles Bolden
petitioner,

vs.

James E. Tilton, et al.
respondent

No.C-07-0432 **RMW(PR)**

Traverse

To the Honorable Judge Ronald Whyte of California. Petitioner comes before the court with a petition for Traverse. A substantial element of one's liberty interest is the freedom from arbitrary adjundicative procedure. It can not be said that the State Courts, in deciding petitioners writ of habeas corpus relied on the merits of information contained in the writ when it reaches conclusion.

Dismissal on grounds of procedural default qualifies as adjudication on the merits. When a sentence is illegal there is know statue of limitation on time and petitioner shows that his counsel's failure should be excused and cause and prejudice found.

One year limitation period for filing habeas petition established by AEDPA is not per se violation of suspension clause; in as much habeas petitioner have reasonable opportunity to have their claims heard on merits, limitation period does not render habeas remedy inadequate or ineffective to test legality of

detention.

Petitioner, a California prisoner, filed this habeas corpus. Not qualified as a layman at law, or even true understanding of proceedings now before the courts. Having relied on jailhouse attorneys and friends, which have come and departed during my incarceration.

Where petitioner was deprived of effective assistance of counsel who failed to pursue appeal. Where state failure to provide indigent defendant with transcripts of first trial, crucial for inmate to prepare effective defense. Trial attorney's competence fell below objective standard of reasonableness.

Counsel's vague transcripts, memory and trial notes are not adequate substitute. Tague vs. Puckett (1989 CA5 Miss) 874 F.2nd 1013

Dual use of facts to impose upper term of enhancement and not properly on the record during Plea Bargain requires remand for re-sentencing. See also CAL .rules of Court, Rules 420(c) §654 precludes a sentencing court from using the same facts to support both an aggravating term and consecutive term of imprisonment. See e.g. People vs. Aualos 37 CAL.3rd.216,233 (1984). This prohibits on dual use of the facts applies to aggravation of a weapons enhancement terms. People vs. Dixon, 20 CAL.App.4th 1029, 1993. The record in front of this court is silent on the issues.

The court may not use a fact that is a element of the crime to impose the upper term. The court is also prohibited from using a fact charged and proved as a conduct enhancement to impose the upper term.

Conclusion

The simple legal question before the courts calls for a construction of language of 28 USC 2254 which provides that the Federal courts shall entertain an applacation for Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of state court only on the ground that he is in custody in violation of the Constitution, or laws of the United States.

Charles Bolden

**pro per**

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is: California State Prison - Solano
Housing: 22-N-3L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

**Case Name:** Charles Bolden **Case #:** C-07-0432 RMW(PR)

**Document(s) Served:** TRAVERSE

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on 7/16/08, in Vacaville, California.

"*date*"

Signature: [signature]

Printed Name: CHARLES BOLDEN

Clarles Bolden K-68224
CSP-Solano 22-N-3L
P.O. Box 4000
Vacaville, CA 95696

SACRAMENTO CA 957
17 JUL 2008 PM 6 T

USA FIRST-CLASS FOREVER

CALIFORNIA STATE PRISON-SOLANO

LEGAL MAIL

JUDGE; RONALD M. WHYTE
ATTN: COURT CLERK (U.S. DISTRICT COURT)
NORTHERN DISTRICT OF CALIF.
280 SOUTH FIRST ST., ROOM 2112
SAN JOSE, CALIF. 95113-3095

95113+3008

7-16-08