EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5964
  Fax: (415) 703-1234
  Email: gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **CHARLES BOLDEN,** | C 07-0432 RMW (PR) |
| Petitioner, | **REPLY TO "TRAVERSE" TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |
| v. | |
| **D.K. SISTO, Warden,** | |
| Respondent. | |

### INTRODUCTION

On June 18, 2008, respondent D.K. Sisto, Warden, filed a motion to dismiss the petition for writ of habeas corpus, filed by petitioner Charles Bolden ("petitioner"), as untimely. *See* 28 U.S.C. § 2444(d)(1). Petitioner has filed a brief "traverse" to the motion. We reply.

### ARGUMENT

Petitioner does not dispute that his petition is untimely by more than eight years, and offers no explanation for his inaction. Rather, he makes only a few unadorned allegations of wrongdoing. For instance, he notes in passing that he "was deprived of effective assistance of counsel who failed to pursue [an] appeal." Traverse at 2. Such a circumstance, even if, arguendo,

it occurred, would not delay petitioner's presentation of his claims. The limitations period does not run during the time period—here, sixty days, *see* Cal. R. Ct. 8.308(a)—that a defendant decides whether to pursue an appeal.

Petitioner also briefly asserts that the "state fail[ed] to provide indigent defendant with transcripts of first trial, crucial for inmate to prepare effective defense." Traverse at 2. To the extent petitioner suggests he was denied transcripts in preparing the instant or previous collateral review petitions, his assertion fails on several levels. Petitioner bears the burden of showing entitlement to statutory or equitable tolling, *see Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), yet fails to offer any specifics for his assertion, evidence that he requested transcripts, explanation as to how such alleged circumstances impeded him, or documentation to support such a claim. Petitioner's assertion is no more than a passing comment, which does not suffice to warrant tolling of any sort.

Equally lacking in detail or support is petitioner's bare comment, "Trial attorney's competence fell below objective standard of reasonableness." Traverse at 2. Such a fact, even if, arguendo, it were true, by itself has no relevance to the statute of limitations, which necessarily concerns circumstances well-after trial.

Petitioner also asserts that his sentence was improper under state law prohibitions on the "dual use" of facts. Traverse at 2. The assertion is irrelevant to the statute of limitations or tolling thereof.

Last, petitioner appears to assert his sentence violates *Cunningham v. California*, 549 U.S. 270 (2007). *See* Traverse at 2. To the extent he suggests the statute of limitations did not commence until the issuance of *Cunningham*, *see* 28 U.S.C. § 2244(d)(1)(C), we have addressed his assertion in our Motion To Dismiss at 3-4. As discussed there, *Cunningham* does not apply, and did not delay the commencement of the statute of limitations against petitioner.

In summary, as discussed in the motion to dismiss, petitioner filed the instant petition more than eight years after the expiration of the statute of limitations. The petition accordingly must be dismissed with prejudice as untimely. *See* 28 U.S.C. § 2244(d)(1).

**CONCLUSION**

Accordingly, for the reasons stated, and those set forth in the motion to dismiss, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice as untimely.

Dated: August 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Gregory A. Ott
GREGORY A. OTT
Deputy Attorney General

Attorneys for Respondent

Reply To "Traverse" To Mtn. To Dismiss—*Bolden v. Sisto*, No. C 07-0432 RMW (PR)

3

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Bolden v. Sisto, Warden**

No.:   **C 07-0432 RMW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>August 18, 2008</u>, I served the attached **REPLY TO "TRAVERSE" TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Charles E. Bolden
No. K-68224
CSP-Solano
22-N-3L
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 18, 2008, at San Francisco, California.

|  D. Desuyo  |  /s/   D. Desuyo  |
|:---:|:---:|
| Declarant | Signature |

20132347.wpd