*E-FILED - 12/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BOLDEN, | No. C 07-0432 RMW (PR) |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
|   vs. | |
| JAMES E. TILTON, et al. | |
|     Respondents. | (Docket No. 14) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, petitioner filed a "traverse," and respondent filed a reply brief. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. §2244(d).

**BACKGROUND**[1]

On July 22, 1997, in Alameda County Superior Court, petitioner pleaded no contest to attempted murder with a sentence enhancement for the personal use of a

---

[1] This factual background is not disputed by the parties.

G:\PRO-SE\SJ.Rmw\HC.07\Bolden432mtdtimgrant.wpd 1

firearm. (Petition Ex. A.) On August 19, 1997, the trial court sentenced petitioner to a term of fifteen years in state prison. (Petition Ex. A, Resp. Ex. B.) Petitioner did not file a direct appeal from his conviction or sentence. On December 11, 2001, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court, and it was denied on December 12, 2001. (Resp. Ex. C.) On February 22, 2002, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, which was denied on February 25, 2002. (Resp. Ex. D.) Petitioner filed a second petition for a writ of habeas corpus in the California Court of Appeal on November 20, 2004, and it was denied as untimely on December 2, 2004. (Resp. Ex. E.) Finally, he filed a petition for a writ of habeas corpus in the California Supreme Court on April 15, 2005, and it was denied as untimely on March 29, 2006.) Petitioner filed the instant federal petition on January 23, 2007.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[2] Here, petitioner did not seek direct review of his conviction or sentence. The time for seeking such review in the California Court of Appeal expired 60 days after judgment, or on October 18, 1997. See Cal. R. Ct. 8.308(a). Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run on that date, and expired one year later, on October 18, 1998. The instant petition was not filed until January 23, 2007, over eight years later. Thus, absent tolling the instant petition is

---

[2] In rare instances the limitation period may run from a date later than the date on which the judgment became final. See 28 U.S.C. §§ 2244(d)(1)(B)-(D). Except to the extent discussed below, there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(D) to the instant case.

untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).  Here, petitioner's first state habeas petition was not filed until December 11, 2001, over three years after the limitations period had already expired.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Therefore, there is no basis for statutory tolling in this case.

Petitioner does not argue, but the court nevertheless notes, that the commencement of the limitation period was not delayed in this case under 28 U.S.C. § 2244(d)(1)(C).  Under that section, the commencement of the limitation period can be delayed until the date on which "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  One of petitioner's claims -- that the enhancement of his sentence by the judge violated his right to a jury trial -- relies upon the United States Supreme Court's decisions announced after his judgment became final, namely Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000), Blakely v. Washington, 542 U.S. 296, 303-04 (2004), and Cunningham v. California, 127 S. Ct. 856, 871 (2007).  However, Apprendi does not apply retroactively to cases on collateral review, see United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002), and neither does Blakely, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  Cunningham does apply retroactively, but only to convictions that became final in 2004 or later, after the decision in Blakely.  Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).  As petitioner's conviction became final long before, in 1997, Cunningham does not apply retroactively to petitioner's case.  Thus, 28 U.S.C. § 2244(d)(1)(C) does not apply to this case.

Further, although equitable tolling may be available in limited cases, there is no basis for such tolling in this case. Because statutory tolling does not render the petition timely, the court must decide whether equitable tolling saves the petition. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted).

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419); see Pace, 544 U.S. at 419 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Petitioner makes several vague allegations in his traverse, none of which establish grounds for equitable tolling. He states that he was deprived of effective assistance of

counsel "who failed to pursue appeal." An attorney's negligence does not generally constitute extraordinary circumstances sufficient to warrant equitable tolling. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (attorney miscalculation of limitations period not sufficient to warrant equitable tolling). Moreover, petitioner does not describe what meritorious appeal counsel could have raised following his guilty plea, nor does he explain why, despite his exercise of due diligence, petitioner was prevented from filing his own collateral challenge to his conviction or sentence sooner than four years after he was convicted. Plaintiff states that he was a "layman at law," but a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Raspberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling).

  Petitioner also states "where state failure to provide indigent defendant with transcripts of first trial." It is unclear whether petitioner is asserting that he did not receive necessary transcripts. Even if that is his allegation, petitioner fails to explain when or for how long such transcripts were withheld from him, what efforts, if any, he expended in trying to retrieve them, or what claims he was unable to raise because he did not have the transcripts sooner. Petitioner also alleges "dual use of facts" to impose his enhancement was not proper, but there is no explanation for how this might be relevant to equitable tolling or the untimeliness of his petition.

  As the petition was filed over eight years after the limitation period expired, and there is no basis for delaying the commencement of the limitation period or for equitable or statutory tolling, the instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

//

1
**CONCLUSION**

2  Respondent's motion to dismiss the petition as untimely (docket no. 14) is
3  GRANTED.  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).
4  The clerk shall terminate all pending motions and close the file.
5     IT IS SO ORDERED.
6  Dated:  12/11/08
                                  _____
7                                  RONALD M. WHYTE
                                  United States District Judge